UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-69-1-F
No. 7:02-CV-206-F

| | |
|---|---|
| LINO ZEPEDA GOMEZ,        ) | |
|     Petitioner,        ) | |
|     ) | |
| v.        ) | O R D E R |
|     ) | |
| UNITED STATES OF AMERICA,        ) | |
|     Respondent.        ) | |

The instant "Motion to Set Aside a Previous § 2255 Judgment" [DE-41] constitutes Lino Zepeda Gomez's fifth attack on his sentence since judgment [DE-15] was entered more than ten years ago, on April 15, 2002. The court perceived his *pro se* motion to be seeking relief from a prior order of this court denying § 2255 claims, pursuant to Rule 60(b)(4), (5), and (6), FED. R. CIV. P. The court directed that counsel be appointed to assist him in researching and investigating the merits of his allegations.

The Government has filed a Motion to Dismiss [DE-46] the instant motion. In his Response thereto [DE-56], appointed counsel argues in Gomez's behalf that this motion, in fact, is brought pursuant to Rule 60(b), and should not be deemed as one attacking a prior § 2255 order denying relief. Rather, he contends "it . . . should be viewed as a motion to set aside the *original judgment* in lieu of the holding in *Padilla* [*v. Kentucky*, 559 U.S. ___, 130 S. Ct. 1473 (2910)]." Response [DE-56] at p. 2 (emphasis added). Counsel argues that Rule 60(b)(5) should be applied here because "it is not longer equitable that [Gomez's 2002 criminal] judgment should have prospective application" in light of the Supreme Court's "new rule of criminal procedure announced in" *Padilla*. *See id.*, at unnumbered p. 7.

A motion to vacate, set aside or correct a *criminal* judgment of conviction or sentence entered upon a finding of guilt must be brought under 28 U.S.C. § 2255. A Rule 60(b) motion, on the other hand, seeks a remedy for some defect in the § 2255 collateral review process which

resulted in a *civil* judgment. Since Gomez insists that he intends by the instant motion to obtain relief from his judgment [DE-15] of criminal conviction and sentence, rather than from an earlier § 2255 civil judgment, his argument must be construed pursuant to § 2255. *See, e.g., United States v. Winestock*, 340 F.3d 200, 206-07 (4th Cir. 2003); *see also United States v. Hill*, 418 Fed. Appx. 217 (4th Cir. Mar. 21, 2011), *cert. denied*, 132 S. Ct. 352 (2011).

I. Jurisdiction

This court lacks subject matter jurisdiction to adjudicate Gomez's claim because it constitutes a successive motion for relief under § 2255. Pursuant to § 2255(h) requires that:

> (h) A second or successive [§] 2255 motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Gomez has not alleged or demonstrated that he has sought or received certification from the Fourth Circuit Court of Appeals to file this successive § 2255 motion.

II. Timeliness

Even if this were Gomez's first § 2255 motion, it would be untimely. Counsel's arguments, couched in Rule 60(b) terms, begin with the contention that Gomez's motion was filed "within a reasonable time" after the Supreme Court announced *Padilla*. Even if that period might be deemed "reasonable" under Rule 60(b)(5), "within a reasonable time" simply is not the applicable standard.

Nothing else appearing, a § 2255 motion must be filed within one year after the challenged conviction or sentence becomes final. 28 U.S.C. § 2255(f)(1). Gomez's conviction became final in 2002; he filed the instant motion in 2011. None of the exceptions to the §

2

Case 7:01-cr-00069-F Document 57 Filed 04/30/12 Page 2 of 4

2255(f)(1) default limitations period is applicable here. Gomez has not alleged under § 2255(f)(2) that an impediment attributable to the Government prevented him from seeking relief on these grounds within a year of his conviction becoming final. Even if the narrow right[1] Gomez claims was "initially recognized" by the Supreme Court in *Padilla*, the Supreme Court did not make that ruling retroactively applicable on collateral review, such that § 2255(f)(3) arguably might render Gomez's motion timely.[2] Subsection (f)(4) can apply when an initial § 2255 is filed within one year from "the date on which the facts supporting the claim .. presented could have been discovered through the exercise of due diligence." If the Supreme Court's ruling in *Padilla* might be deemed a "fact" not discoverable through due diligence until the day it was announced on March 31, 2010, Gomez still did not quite file the instant motion within the required one year.[3]

III. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-46] is ALLOWED. Gomez's "Motion to Set Aside a Previous § 2255 Judgment" [DE-41] is DENIED, and this matter is DISMISSED.

---

[1] *Padilla* determined that a defendant has a Sixth Amendment right to receive advice and consultation from his counsel concerning the immigration consequences of a guilty plea, and that failure of counsel to perform that duty constitutes ineffective assistance under the "performance" prong of the *Strickland v. Washington*, 466 U.S. 668 (1984) analysis.

[2] The Antiterrorism and Effective Death Penalty Act (AEPDA), which includes § 2255, requires that exception (f)(3) to the one-year statute of limitations be based on right newly recognized by the *Supreme Court* and made retroactively applicable on collateral review. *See Williams v. Taylor*, 529 U.S. 362, 412 (2000).

[3] Pursuant to Rule 3(d), Rules Governing § 2255 Proceedings, "A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing." The Taft Correctional Institution's certification on the envelope containing Gomez's motion is dated April 1, 2011 – one day late.

3

IV. Certificate of Appealability

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides in pertinent part that a § 2255 petitioner may not take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court likewise is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).

This court's review of the claim presented in the instant motion, in light of the applicable standards, leads to the conclusion that Gomez has failed to meet the requirements for a certificate of appealability. The court perceives that this § 2255 motion properly has been dismissed, and that Gomez failed to make a substantial showing of the denial of a constitutional right. The court concludes that reasonable jurists would not find the court's treatment of Gomez's claims debatable or wrong, and that none of his arguments merits further litigation. Accordingly, a certificate of appealability is DENIED.

SO ORDERED.

This, the 30 day of April, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge